UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ X

ARBOR REALTY MORTGAGE
SECURITIES SERIES 2005-1, LTD.,          :

          Plaintiff,                 :

    v.                                       Case No. 09 Civ **'09 CIV 8395**

BETHANY HOLDINGS GROUP, LLC,
TERRY AND ROSE KNUTSON 2000              **COMPLAINT**
FAMILY TRUST, GREGORY P. GARMON,         :
JEFFREY SILVERMAN, and
TERRY KNUTSON,                           :

          Defendants.                :

------------------------------------------ X

RECEIVED
OCT 02 2009
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff Arbor Realty Mortgage Securities Series 2005-1, Ltd. ("Arbor"), by its

attorneys, Cooley Godward Kronish LLP, alleges, upon personal knowledge as to itself and upon

information and belief as to other matters for its complaint against Defendants Bethany Holdings

Group, LLC, Terry and Rose Knutson 2000 Family Trust, Gregory P. Garmon, Jeffrey

Silverman, and Terry Knutson (collectively, "Defendants"), as follows:

## NATURE OF THE CASE

1.     Arbor brings this complaint to recover damages from Defendants for their breach

of (i) that certain Guaranty of Recourse Obligations of Borrower made by Defendants, as

guarantor, in favor of Lehman Brothers Bank, FSB ("Original Lender"), dated as of June 1,

2007, now owned and held by Arbor ("Recourse Guaranty") (attached hereto as Exhibit A); (ii)

that certain Limited Guaranty of Payment made by Defendants, as guarantor, in favor of Original

Lender, dated as of June 1, 2007, now owned and held by Arbor ("Limited Guaranty") (attached

hereto as Exhibit B); and (iii) that certain Guaranty of Interest made by Defendants, as guarantor,

in favor of Original Lender, dated as of June 1, 2007, now owned and held by Arbor ("Interest Guaranty") (attached hereto as Exhibit C).

2.    No demand for payment is required under the Recourse Guaranty, the Limited Guaranty, or the Interest Guaranty.

3.    Arbor estimates that the damages it suffered as a result of Defendants' breach of the Recourse Guaranty, the Limited Guaranty, and the Interest Guaranty are in excess of $30,014,847.59.

4.    To recover these losses, Arbor hereby brings claims for breach of contract.

## PARTIES

5.    Plaintiff Arbor Realty Mortgage Securities Series 2005-1, Ltd. is a corporation organized under the laws of the Cayman Islands with its principal place of business at 333 Earle Ovington Boulevard, Uniondale, New York 11553.

6.    Upon information and belief, Defendant Bethany Holdings Group, LLC is a Nevada limited liability company with its principal place of business at 1920 Main Street, Suite 770, Irvine, California 92614. Upon information and belief, its members are Gregory P. Garmon, a citizen of California residing at 30741 Hilltop Way, San Juan Capistrano, California; Jeffrey Silverman, a citizen of California residing at 2 Windemere Court, Newport Coast, California 92657; and Charles Sherman, a citizen of North Carolina residing at 3110 Stratford Court, High Point, North Carolina 27265.

7.    Upon information and belief, Defendant Terry and Rose Knutson 2000 Family Trust is a trust with an address at c/o Terry Knutson, 1562 Edgewood Drive, Lodi, California 95240. Upon information and belief its co-trustees are Terry Knutson and Rose Knutson, who are both citizens of California residing at 1562 Edgewood Drive, Lodi, California 95240.

8.     Upon information and belief, Defendant Gregory P. Garmon, an individual, is a citizen of California residing at 30741 Hilltop Way, San Juan Capistrano, California 92675.

9.     Upon information and belief, Defendant Jeffrey Silverman, an individual, is a citizen of California residing at 2 Windemere Court, Newport Coast, California 92657.

10.     Upon information and belief, Defendant Terry Knutson, an individual, is a citizen of California residing at 1562 Edgewood Drive, Lodi, California 95240.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000 exclusive of interest and costs and there is complete diversity of citizenship between the Plaintiff and each of the Defendants.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(3) in that the Recourse Guaranty, the Limited Guaranty, and the Interest Guaranty each provide that in a case involving diversity of citizenship, the United States District Court for the Southern District of New York shall have exclusive jurisdiction of any such action or proceeding.  Defendants have therefore consented to personal jurisdiction and venue in this Court.

## FACTUAL ALLEGATIONS

13.     The Loan.  Phoenix Kingdom II Mezz2, LLC, as borrower ("Borrower") and Original Lender entered into that certain Junior Mezzanine Loan Agreement dated as of June 1, 2007 ("Loan Agreement") (attached hereto as Exhibit D without exhibits) evidencing that certain junior mezzanine loan of $27,510,000 (the "Loan") made by Original Lender to Borrower.

14.     The Promissory Note.  Simultaneously with the execution of the Loan Agreement, Borrower executed that certain Promissory Note ("Note") (attached hereto as Exhibit E) evidencing Borrower's obligation to pay Original Lender principal of $27,510,000 in repayment of the Loan plus interest in accordance with the Loan Agreement.

15.    The Pledge and Security Agreement.  Simultaneously with the execution of the Loan Agreement and the Note, Borrower and Original Lender entered into that certain Pledge and Security Agreement (attached hereto as Exhibit F) pursuant to which Borrower pledged and granted to Original Lender a first priority security interest in certain real property and personal property as collateral for Borrower's prompt and complete payment and performance under the Loan Agreement and the Note.

16.    The Recourse Guaranty.  Simultaneously with the execution of the Loan Agreement, the Note, and the Pledge and Security Agreement (collectively, "Loan Documents"), Defendants entered into the Recourse Guaranty, as described above, by which the Defendants agreed to provide, *inter alia*, a full recourse guaranty of the Loan upon the occurrence of certain events of default under the Loan Documents.

17.    The Limited Guaranty.  Simultaneously with the execution of the Loan Documents, Defendants entered into the Limited Guaranty, as described above, by which the Defendants agreed, *inter alia*, to guaranty prompt, unconditional and complete payment of any outstanding principal, interest, and/or other obligations of Borrower under the Loan Documents, in an amount not to exceed $4,500,000.

18.    The Interest Guaranty.  Simultaneously with the execution of the Loan Documents, Defendants entered into the Interest Guaranty, as described above, by which the Defendants agreed, *inter alia*, to guaranty complete payment when due of all interest that shall accrue on the unpaid principal of the Note through and including June 11, 2012 under the terms of the Loan Documents.

19.    On or about June 29, 2007, Original Lender sold the Note to Arbor.  Arbor's purchase of the Note included all of Original Lender's contractual and legal rights under the Recourse Guaranty, the Limited Guaranty, and the Interest Guaranty.

20.    Since at least January 20, 2009, Phoenix Kingdom II Mezz1, LLC, an affiliate of Borrower, has been in default of its obligations to Anthracite Capital BOFA Funding, LLC under a loan agreement and related documents with respect to a senior mezzanine loan in the principal amount of $50,000,000 (the "Senior Loan Default").  The Senior Loan Default constitutes an event of default under Loan Documents.

21.    On April 8, 2009, Arbor sent Borrower a Notice of Default and Acceleration (attached hereto as Exhibit G) which, *inter alia*, declared Borrower's entire debt under the Loan Documents to be immediately due and payable.

22.    On or about July 6, 2009, Phoenix Kingdom II, LLC, a parent and/or affiliate of Borrower, filed a voluntary petition under chapter 11 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the Central District of California, Santa Anna Division, Case No. 8:09-bk-16755 RK (the "Phoenix Kingdom II Bankruptcy").  The filing of the voluntary petition in the Phoenix Kingdom II Bankruptcy constitutes an event of default under the Loan Documents.

23.    No demand for payment is required under the Recourse Guaranty, the Limited Guaranty, or the Interest Guaranty.  Defendants have made no payments to Plaintiff.  Defendants are therefore in breach of their obligations under the Recourse Guaranty, the Limited Guaranty, and the Interest Guaranty.

## FIRST CLAIM FOR RELIEF
## (BREACH OF THE RECOURSE GUARANTY)

24.    Arbor repeats and realleges paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25.    Pursuant to the terms of the Recourse Guaranty, Defendants agreed to provide a full recourse guaranty of the Loan upon the occurrence of certain events of default under the Loan Documents.

26.    The Defendants' obligations to pay the total debt owing under the Loan Documents have been triggered by the Senior Loan Default and the filing of the voluntary petition in the Phoenix Kingdom II Bankruptcy.

27.    The Recourse Guaranty requires Defendants to pay the total debt owing under the Loan documents without demand.

28.    Defendants have not made the required payments.

29.    Defendants' breach of the Recourse Guaranty has caused Arbor to suffer damages, including costs incurred in the enforcement of Arbor's rights under the Recourse Guaranty, in excess of $30,014,847.59.

## SECOND CLAIM FOR RELIEF
## (BREACH OF THE LIMITED GUARANTY)

30.    Arbor repeats and realleges paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31.    Pursuant to the terms of the Limited Guaranty, Defendants agreed to guaranty prompt, unconditional and complete payment of any outstanding principal, interest, and/or other obligations of Borrower under the Loan Documents, in an amount not to exceed $4,500,000.

32.    The Defendants' obligations to pay the outstanding principal, interest, and other obligations of Borrower under the Loan Documents in an amount up to $4,500,000 have been

triggered by the Senior Loan Default and the filing of the voluntary petition in the Phoenix Kingdom II Bankruptcy.

33. The Limited Guaranty requires Defendants to pay the outstanding principal, interest, and other obligations of Borrower under the Loan Documents in an amount up to $4,500,000 without demand.

34. Defendants have not made the required payments.

35. Defendants' breach of the Limited Guaranty has caused Arbor to suffer damages, including costs incurred in the enforcement of Arbor's rights under the Limited Guaranty, in excess of $4,500,000.

## THIRD CLAIM FOR RELIEF
## (BREACH OF THE INTEREST GUARANTY)

36. Arbor repeats and realleges paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. Pursuant to the terms of the Interest Guaranty, Defendants agreed to guaranty complete payment when due of all interest that shall accrue on the unpaid principal of the Note through and including June 11, 2012 under the terms of the Loan Documents.

38. The Defendants' obligations to pay all interest that shall accrue on the unpaid principal of the Note through and including June 11, 2012 under the terms of the Loan Documents have been triggered by the Senior Loan Default and the filing of the voluntary petition in the Phoenix Kingdom II Bankruptcy.

39. The Interest Guaranty requires Defendants to pay all interest that shall accrue on the unpaid principal of the Note through and including June 11, 2012 under the terms of the Loan Documents without demand.

40. Defendants have not made the required payments.

41.     Defendants' breach of the Interest Guaranty has caused Arbor to suffer damages, including costs incurred in the enforcement of Arbor's rights under the Interest Guaranty, in excess of $2,504,847.59.

### FOURTH CLAIM FOR RELIEF
### (ATTORNEY'S FEES)

42.     Arbor repeats and realleges paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43.     Pursuant to the Recourse Guaranty, the Limited Guaranty, and the Interest Guaranty (collectively, "Guaranties"), if the Defendants breach or fail to timely perform any provision of the Guaranties, then Defendants must pay Arbor all costs and expenses (including court costs and reasonable attorney's fees) incurred by Arbor in the enforcement of the Guaranties.

44.     Defendants' breach and failure to timely perform under the provisions of the Guaranties has caused Arbor to incur costs and expenses, including court costs and reasonable attorney's fees, in an amount to be proved at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Arbor Realty Mortgage Securities Series 2005-1, Ltd. prays for judgment against Defendants Bethany Holdings Group, LLC, Terry and Rose Knutson 2000 Family Trust, Gregory P. Garmon, Jeffrey Silverman, and Terry Knutson as follows:

A.     On the first claim for relief, awarding damages in an amount to be proved at trial but believed to be in excess of $30,014,847.59;

B.     On the second claim for relief, awarding damages in an amount to be proved at trial but believed to be in excess of $4,500,000;

C.    On the third claim for relief, awarding damages in an amount to be proved at trial but believed to be in excess of $2,504,847.59;

D.    On the forth claim for relief, awarding damages in an amount to be proved at trial; and

E.    For such other and further relief as may be just and proper.

Dated:  New York, New York
      October 2, 2009

Respectfully submitted,

COOLEY GODWARD KRONISH LLP

By: _Scott J. Pashman_

Thomas O'Connor
Scott J. Pashman

1114 Avenue of the Americas
New York, New York 10036
Phone: (212) 479-6000
Fax: (212) 479-6275
Email: toconnor@cooley.com
Email: spashman@cooley.com

*Attorneys for Plaintiff Arbor Realty Mortgage Securities Series 2005-1, Ltd.*